PEOPLE, PLAINTIFF AND APPELLEE, v. SOUFFRONT, DEFENDANT
AND APPELLANT.

Appeal from the District Court of San Juan in a
Prosecution for Assault with Intent to Kill.

No. 1824.—Decided February 16, 1922.

CONTINUANCE—ABSENCE OF ATTORNEY—DISCRETION OF COURT.—It is not an abuse
of discretion to refuse a continuance on account of the absence of the defend-
ant's attorney when no reasonable excuse is given for his absence.

EVIDENCE—RES GESTAE.—Evidence showing that when the defendant was com-
mitting the crime of attempt to kill he mortally wounded another person who
came to the rescue of the assailed is admissible as a part of the res gestae.

ATTEMPT TO KILL—INSTRUCTIONS.—At a trial for attempt to kill the court in-
structed the jury with regard to that crime, with regard to that of assault
with intent to kill and with regard to that of aggravated assault and bat-
tery. A verdict of "guilty of frustrated manslaughter" was set aside
by the court and the instructions were repeated without reference to the crime
of aggravated assault and battery. The new verdict was: "Guilty of as-
sault with intent to kill." Held: That as the original verdict expressed
clearly the mind of the jury, failure to instruct them again on aggravated
assault and battery does not render the new verdict null and void.

The facts are stated in the opinion.
Messrs. J. B. Huyke and C. Iriarte, Jr., for the appellant.
Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Arturo Souffront was charged with the crime of attempt
to kill perpetrated on the person of Pedro A. Reinosa. He
pleaded not guilty and the case was tried to a jury who found
him guilty of the crime of assault with intent to kill. The
court sentenced him to imprisonment in the penitentiary at
hard labor for two years.

The defendant took the present appeal, but filed no brief.
At the hearing on the appeal he appeared by his attorney,
who argued the case at length and insisted that the district
court should have allowed him a continuance and that the
court erred in admitting evidence relating to another act
imputed to the defendant. The attorney did not file a writ-
ten assignment of the errors alleged, nor a memorandum of

the authorities which he may have cited during his argument. This practice is entirely erroneous.

1. We have examined the information and find that it is sufficient. When the case was called for trial the following telegram, which had been received on the same day, was read: "Impossible attend trial Souffront today request continuance. Celestino Iriarte, Jr., attorney for defendant." Relying on this telegram, the defendant, represented by attorney Juan B. Huyke, moved the court for a continuance. The district attorney objected and the court sustained his objection on the ground that the motion did not disclose any reasonable excuse for the absence of the attorney. The trial was proceeded with and the defendant was represented by attorney Huyke. The mere statement of these facts justifies the conclusion that the court did not abuse its discretional power in ruling upon the question raised.

"Absence of counsel is an excuse little favored by the courts as a ground for continuance * *. *. Especially * * * where no reasonable excuse for his absence is disclosed." 13 C. J. 144.

2. The particular act with which the defendant was charged consists in his having assaulted and battered Pedro A. Reinosa with the intent to kill him, inflicting upon him a serious wound in the left lumbar region. Certain witnesses testified that while this act was taking place another person interfered in behalf of Reinosa and then the defendant also stabbed that other person who died as a result of the wounds. The attorney for the defendant objected to the admission of the testimony regarding these facts and the court overruled his objection, the defendant taking an exception to the ruling of the court. At the hearing on this appeal the defendant insisted, without citing any applicable law or jurisprudence, if we remember correctly, that the court had erred in ruling as it did.

The stabbing of the other person was a distinct act, but

it was so closely connected with the act charged in this case
that it could well be considered as a part of the *res gestae.*
See 22 C. J. 443, 454 *et. seq.* The other person came to the
rescue of Reinosa. According to Reinosa's version of the
facts, when he yelled the other person interfered and said:
"Do not hurt the old man, the old man Reinosa," and then
it seems. that the defendant stabbed the other man, saying;
"You are young, take it yourself." Souffront was charged
with assault and battery with intent to kill and it was proper
to prove all of the pertinent circumstances surrounding the
act in order to comprehend more certainly the mental con-
dition of the defendant.

3. A motion was made for a new trial on the grounds that
the verdict was contrary to the evidence, that the court erred
in instructing the jury and that the defendant was compelled
to go to trial defenseless.

The evidence is contradictory. One of the witnesses for
the defense said that Reinosa was wounded by another per-
son, naming him. Reinosa said that the defendant wounded
him. With regard to other important particulars the con-
tradiction was manifest, but as the jury adjusted the con-
flict against the defendant and it not having been shown
that they were influenced by passion, prejudice or partiality,
or committed manifest error, their verdict should not be
disturbed, as we have held repeatedly.

The court instructed the jury fully and explained that
they could find the defendant guilty of an attempt to kill,
or of assault with the intent to kill, or of aggravated assault
and battery. The jury brought in a verdict of "guilty of
frustrated homicide." The district attorney considered the
verdict erroneous and moved the court to give new instruc-
tions to the jury. The defense objected to this. In accord-
ance with section 288 of the Code of Criminal Procedure,
the court instructed the jury that its verdict was erroneous
and referred again to the crimes of attempt to kill and as-

sault with the intent to kill, omitting further reference to the crime of assault and battery. The jury went back for consultation and thereafter brought in a verdict of guilty of assault with intent to kill.

The court acted correctly. The jury could not have been led into error. The first verdict had already expressed their minds clearly. The error was merely one of wording. Under such circumstances it was not necessary to insist on the instruction regarding assault and battery.

As to defenselessness of the defendant, we have already said that the motion for a continuance was not duly made. and we now add that the record shows that the defendant was properly defended by attorney Huyke who not only cross-examined the government's witnesses and took such exceptions as he deemed pertinent, but also introduced all of the evidence for the defense.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.